PER CURIAM.
Mark Anthony Hughes contends that the Clerk of Court for the Tenth Judicial Circuit improperly refused to accept his petition for writ of mandamus for filing without his compliance with the Prisoner Indigency Statute, section 57.085(2), Florida Statutes (2003). Although Hughes’ petition in this court seeks a writ of prohibition, we treat the petition as one seeking a writ of mandamus and grant relief.
Hughes is an inmate at Polk Correctional Institution. He attempted to file a petition for writ of mandamus in the Tenth Judicial Circuit, seeking the circuit court’s review of a disciplinary action that resulted in a loss of gain time. However, the clerk of circuit court refused to accept the petition. Relying on Administrative Order 3-28.1 entered by the Chief Judge of the Tenth Circuit, the clerk returned Hughes’ pleading for failure to comply with section 57.085(2). That statute requires that a prisoner initiating a judicial proceeding in which he seeks to proceed in forma pau-peris must file an affidavit setting forth specified information about his financial ability, along with reports from the institution regarding the inmate’s prison trust account. Hughes refused to comply with the statute and submitted his pleading once again. Upon the clerk’s refusal to accept the petition for the second time, Hughes sought relief in this court.
Based on Schmidt v. Crusoe, 28 Fla. L. Weekly S367, — So.2d -, 2003 WL 1987971 (Fla. May 1, 2003), Hughes is entitled to relief. In Schmidt, the Florida Supreme Court determined that the review that Hughes is seeking in the circuit court is a “collateral criminal proceeding” and, as such, falls outside the requirements of section 57.085(2). However, the general indigency provisions of section 57.081 still apply. Therefore, if Hughes desires to proceed in forma pauperis, he must prove his inability to pay by filing an affidavit with the information required according to that section. See Schmidt, 28 Fla. L. Weekly at S369 n. 7, — So.2d at -n. 7; Williams v. Dep’t. of Corr., 851 So.2d 229 (Fla. 1st DCA 2003). Hughes is entitled to have the clerk process his filing as prescribed by Schmidt. Because this is a ministerial task, mandamus is appropriate.
*89 Accordingly, we grant Hughes’ petition and issue the writ of mandamus.
NORTHCUTT, CASANUEVA, and STRINGER, JJ., Concur.